UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD M. CREATORE,** | ) | **CASE NO. 5:09-CV-1877** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | |
| **ASSURANCE COMPANY OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J. :**

This matter comes before the Court upon the Defendant's Motion to Bifurcate the bad faith and breach of contract claims; the Motion to Bifurcate the claim for punitive damages as required by Ohio Rev. Code §2315.21 and to Stay Discovery on the bad faith claim. (ECF DKT #20)

For the reasons that follow, the Magistrate Judge's Report and Recommendation is adopted, denying the Motion to Bifurcate and the Motion to Stay Discovery on the bad faith and breach of contract claims without prejudice to renew.

**I. BACKGROUND**

This action arose from the complaint filed against the Plaintiff in the Mahoning County Court of Common Pleas, alleging tortious interference with a business relationship, unfair competition, breach of covenant of good faith, libel, conspiracy and defamation. The Defendant supplied a General Liability Policy to the Plaintiff under which he was insured for One Million Dollars per occurrence, with umbrella coverage of another One Million Dollars per occurrence,

all under its policy #PP3227988.

Shortly after the complaint was filed, the Plaintiff requested that the Defendant provide a defense under the Policy. According to the Policy, the Defendant pays those sums that the insured is legally obliged to pay as damages because of "Personal and Advertising injury." Accordingly, the alleged claim for defamation against the Plaintiff should have been covered under the policy and a defense should have been tendered.

The Defendant neither responded nor denied Plaintiff's claim and request for a defense. As a result, the Plaintiff spent a considerable amount of money for his own defense. Because of the Defendant's alleged failure to comply with its obligation to provide insurance coverage and defense under the policy, the Plaintiff brought this lawsuit alleging breach of contract and bad faith. The Defendant seeks to bifurcate the bad faith and breach of contract claims and to stay discovery on the bad faith claim.

After motion practice and briefing, the Magistrate Judge recommended that the Motion to Bifurcate and Stay should be denied in part, and granted in part. He recommended that the Motion to Stay Discovery on the bad faith claim and punitive damages should be denied; the Motion to Bifurcate the bad faith and breach of contract claims should be denied without prejudice to renew; and the Motion to Bifurcate the claim for punitive damages should be granted as required by Ohio Rev. Code §2315.21.

This Court subsequently entered judgment adopting the Report and Recommendation.

## LAW AND ANALYSIS

**Rule 42(b) of Federal Rules of Civil Procedure recites:**

> For convenience, to avoid prejudice, or to expedite and economize, the court

may order a separate trial on one or more separate issues, claims, cross claims, counter claims, or third party claims. While ordering a separate trial, the court must preserve any federal right to a jury trial.

Pursuant to Fed. R. Civ. P. 72(b), the District Court shall review de novo any finding of fact or conclusion of law in the Magistrate Judge's Report and Recommendation that has been specifically objected to by either party.  The District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Failure to make a timely objection to any aspect of the Report and Recommendation  waives the right to appellate review of the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

The Magistrate Judge determined the following points:

1. The Defendant has not shown, beyond mere representations, that it would be unfairly prejudiced by producing the documents and proceeding with the claims of bad faith and breach of contract at the same time. Its mere assertion is speculative and premature. To argue alternative legal theories is not unusual or exceptional. *Woods v. State Farm Fire & Cas. Co.*, No. 2:09CV482, 2010 WL 1032018 (S.D. Ohio Mar. 16, 2010). (Report and Recommendation at page 8)

2. The application of *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209, 744 N.E.2d 154 (2001), with regard to discovery is not erroneous as a matter of law. The Defendant argues that *Boone* is not controlling in this matter because *Boone* no longer stands for the proposition that an insured party automatically receives an insurer's entire claims file by bringing a bad faith claim. *Galion Community Hosp. v. Hartford Life & Acc. Ins. Co.*, 2010 WL 359126, *3 (N.D. Ohio

2010).

    *Boone* is cited for the proposition that an insured party is entitled to discover claim file material, containing attorney- client communications related to the issue of coverage that was created prior to the denial of coverage. If the release of any information ultimately hinders an insurer's ability to defend the underlying claim, the Court could reconsider, and issue a stay of the bad faith cause of action while the outcome of the underlying breach of contract claim is pending. *Professional Direct Ins. Co. v. Wile, Boyles, Burkholder & Bringardner, LPA,* No. 2:06CV240, 2008 WL 4758679, at *3 (S. D. Ohio Oct. 27, 2008). (Report and Recommendation at page 7)

    3. No economy and convenience will be promoted by separating these two claims; rather, it will give rise to duplicity of discovery if these two issues are tried separately. Judicial economy and prejudice to the Plaintiff outweigh the negative impact on the Defendant. (Report and Recommendation at page12)

    Bifurcation of a bad faith claim from a breach of contract claim, as well as a stay on discovery, are entirely within the discretion of the Court. *Warren v. Federal Ins. Co.*, No. 08-4448, 2009 WL 4927968, at *6 (6th Cir. Dec. 22, 2009).

    An insurer has a duty to act in good faith in processing and paying the claim of its insured. A breach of this duty gives rise to a cause of action in tort against the insurer, irrespective of any liability arising from breach of contract. Therefore, bad faith in adjusting an insurance claim may exist without a valid coverage claim. An unfavorable ruling on a coverage claim will not dispose of the entire case. *Staff Builders, Inc. v. Armstrong*, 37 Ohio St.3d 298, 525 N.E.2d 783, 784 (1988)

This Court adopted the Magistrate Judge's Recommendation that the insured party is entitled to discover claim file material, containing attorney- client communications related to the issue of coverage, created prior to the denial of coverage. The Defendant would not be unfairly prejudiced by producing the documents and proceeding with the claims of bad faith and breach of contract at the same time. Also, no economy and convenience will be promoted by separating bad faith and breach of contract claims.

## **CONCLUSION**

As set forth above, the Defendant has failed to satisfactorily demonstrate how it will be prejudiced if the bad faith and breach of contract claims are not bifurcated. The Defendant is further unable to show that judicial economy will be furthered through bifurcation; in fact, its assertions are outweighed by the prejudice to Plaintiff and the Court in avoiding inefficient duplication of the judicial process. Therefore, the Defendant's Motion (ECF DKT #20) to Bifurcate the bad faith and breach of contract claims and the Motion to Stay Discovery on the bad faith claim are denied. Yet, as agreed by the parties, the Motion to Bifurcate the punitive damages claim as per R.C. 2315.21 is granted.

**IT IS SO ORDERED.**

DATE: _ 10/28/10_____          S/ Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**