# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD M. CREATORE,** | ) | **CASE NO. 5:09CV1877** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **ASSURANCE COMPANY OF** | ) | |
| **AMERICA, et al.,** | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #43) of Plaintiff, Ronald M. Creatore ("Creatore"), for Leave to File an Amended Complaint.  For the following reasons, the motion is denied.

## I. BACKGROUND

On July 6, 2009, Creatore filed a Complaint in Summit County Common Pleas Court, seeking damages from Assurance Company of America ("Assurance") and alleging breach of contract and bad faith for failure to tender a defense and/or reimburse him for attorney's fees, costs, and expenses incurred in regard to the case of *William Sayavich v. Ronald M. Creatore*, Case No. 03 CV 1081, in the Court of Common Pleas, Mahoning County, Ohio.  Assurance removed the action to federal court on August 11, 2009.  In its Answer, filed September 8, 2009, Assurance denied coverage and asserted, *inter alia*, the defense of failure to provide timely notice of the claim.  Assurance alleges that it did not receive notice of the *Sayavich* matter until October 8, 2007, nearly four years after that suit was filed against Creatore.  On June 6, 2011, Assurance filed its Third Party Complaint against First Place Insurance Agency,

Ltd., for breach of contract, negligence, indemnification and contribution.  Assurance claims, if Creatore provided notice of the *Sayavich* litigation to his agent, First Place, in April 2003, then First Place is liable for failing to notify Assurance of the claim in a timely manner.  In the current Motion, Creatore moves to amend his Complaint to bring claims directly against the insurance agent, First Place, for negligence, negligent misrepresentation and fraud, arising from the alleged failure to submit Plaintiff's claim to Assurance.  First Place opposes the proposed amendment on the grounds of timeliness and futility.

## II. LAW AND ANALYSIS

If a pleading is not amended as a matter of course in the early stages of the case, then Fed.R.Civ.P. 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  In deciding whether to allow amendment, a court may consider a number of factors.  "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision."  *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Delay by itself is not sufficient reason to deny a motion to amend."  *Id*. (citation omitted).  Nevertheless, when amendment is sought at a late stage in the litigation, the movant has "an increased burden ... to show justification for the failure to move earlier."  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) (citing *Holland v. Metropolitan Life Ins. Co.*, 869 F.2d 1490 (6th Cir.1989)).

Creatore has been inexcusably tardy in seeking to make direct claims against his

insurance agent, First Place.  As First Place notes in its opposition brief, Creatore is a licensed

attorney.  (ECF DKT #44, fn. at 8).  With that practical knowledge, and with the assistance of

retained counsel since 2009, Creatore has had ample opportunity to investigate available

causes of action, including negligence, misrepresentation and fraud.  Although Creatore

alleges that he presented the *Sayavich* claim to First Place in 2003, Assurance has contended

from the very outset that it had no knowledge/notice of any such claim until October 2007.

Prior to suit, Assurance denied the claim in writing, in part for failure to report the claim in a

timely manner.  (ECF DKT #44, Exhibit "A").  Assurance's Answer (ECF DKT #5), filed on

September 8, 2009, presents the same defense.  At the Court's behest, the parties completed

initial discovery in preparation for a Court Mediation conference.  In a publicly filed report

dated January 21, 2010, the Mediator comments that meaningful negotiations may depend on

the possible joinder of the insurance agent as a defendant or third-party defendant.

Ultimately, when Assurance sought leave, on May 3, 2011, to file a Third Party Complaint

against First Place, Creatore was reminded once again of First Place's involvement:

> Whether Creatore gave notice to First Place, and when that notice was given is
> a central issue to Creatore's allegations against Assurance.  If First Place
> received notice of the Sayavich Litigation from Creatore in April 2003 and did
> not provide written notice to Assurance, and Assurance is held liable to
> Creatore, First Place is or may be liable for all or part of Creatore's claim. ***
> Testimony, both deposition and trial, and production of documents will be
> sought of First Place whether it is joined as third-party defendant in this matter
> or not.   (ECF DKT #30 at 4-5).

Still, Creatore waited until December 28, 2011 to seek to add his own direct claims against

First Place.  Although delay, by itself, is not sufficient reason for denial of an amendment,

Creatore has not satisfied his "increased burden ... to show justification for the failure to move

earlier."  *Duggins, supra.*

-3-

Moreover, the Court recognizes that First Place will be prejudiced by the assertion of negligence, misrepresentation, and fraud causes of action against it at this late date.  The fact discovery deadline is April 30, 2012, and a Settlement Conference is scheduled for May 10, 2012.  An amended complaint will necessitate re-opening discovery to some degree; and First Place will have to re-direct its time and resources and formulate a different litigation strategy. Such a result is especially egregious when the Court considers that this case has been pending for almost three years, and arises from state court litigation initiated in 2003.

Finally, the proposed new claims of negligence (against an insurance agent), negligent misrepresentation, and fraud have a four-year statute of limitations, pursuant to R.C. § 2305.09.  Because Creatore's proposed amendment is likely futile and probably will not survive a motion to dismiss, the Court has the discretion to deny him leave to amend.

### III. CONCLUSION

For the reasons of unreasonable delay, significant prejudice, and likely futility, the Motion (ECF DKT #43) of Plaintiff, Ronald M. Creatore ("Creatore"), for Leave to File an Amended Complaint is denied.

**IT IS SO ORDERED.**

**DATE:  04/30/12**

**  s/Christopher A. Boyko      **
**CHRISTOPHER A. BOYKO**
**United States District Judge**